UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ROBERT A. GIBBS, | No. 2:16-cv-1670 JAM AC P |
|---|---|
| Petitioner, | |
| v. | ORDER |
| DANIEL FLYNN, | |
| Respondent. | |

Petitioner is a Shasta County inmate proceeding without counsel with a petition for writ of habeas corpus filed pursuant 28 U.S.C. § 2254.  Petitioner challenges his detention and conditions of confinement, and asserts that his current circumstances demonstrate retaliation by Shasta County officials for petitioner's ongoing pursuit of a separate civil rights action, Gibbs v. Boyd, et al., Case No. 2:13-cv-2631 KJM CMK P, which remains pending.

Petitioner has recently filed several putative habeas actions in this court, challenging the same matters, and requests their consolidation with his civil rights action and assignment to the same magistrate judge and district judge.  The first-filed of these habeas actions is Gibbs v. Attorney General of California, Case No. 2:16-cv-1629 JAM DB P.

It is well established that if a new petition is filed when a previous habeas petition is still pending before the district court without a decision having been rendered, then the new petition should be construed as a motion to amend the pending petition.  Woods v. Carey, 525 F.3d 886, 888

(9th Cir. 2008). Accordingly, the petition filed in the instant action, ECF No. 1, should be construed as a motion to amend the initially-filed petition, and should therefore be filed as such in <u>Gibbs v. Attorney General of California</u>, Case No. 2:16-cv-1629 JAM DB P.

Additionally, petitioner's effort to consolidate his habeas actions with his civil rights action was decided adversely in his civil rights action. By order filed September 22, 2016, Magistrate Judge Kellison ruled that, "[b]ecause all the actions do not involve the same parties and claims, do not involve the same transaction, property, or event, and do not involve similar questions of law and fact, plaintiff's motion is denied. <u>See</u> Local Rule 123(a)." <u>Gibbs v. Boyd, et al.</u>, Case No. 2:13-cv-2631 KJM CMK P (ECF No. 70). For the same reasons, and due to the distinctly different requirements for pursuing claims in habeas corpus and under 42 U.S.C. § 1983, petitioner's motions to consolidate filed in the instant case, ECF Nos. 6, 7, must be denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motions to consolidate, ECF Nos. 6 & 7, are denied as moot.

2. The July 20, 2016 habeas petition filed in the instant action, ECF No. 1, is construed as a motion to amend petitioner's first-filed habeas petition in <u>Gibbs v. Attorney General of California</u>, Case No. 2:16-cv-1629 JAM DB P.

3. The Clerk of the Court is directed to file the habeas petition in this action, ECF No. 1, as a motion to amend in <u>Gibbs v. Attorney General of California</u>, Case No. 2:16-cv-1629 JAM DB P, and to prominently note the July 20, 2016 filing date of the instant petition, as well as the date petitioner signed the petition (July 10, 2016).[1]

4. The Clerk of Court is further directed to then terminate this case.

DATED: October 4, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] A document is deemed filed on the date a prisoner signs it and gives it to prison officials for mailing. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (establishing prison mailbox rule); <u>Campbell v. Henry</u>, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners).